1  ROLAND M. JUAREZ (SBN 160793)
   **AKIN GUMP STRAUSS HAUER & FELD LLP**
2  2029 Century Park East, Suite 2400
   Los Angeles, California 90067-3012
3  Telephone:    310-229-1000
   Facsimile:    310-229-1001
4
5  Attorneys for Netopia, Inc. and Alan Lefkof

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER FRANKL and JOHN DECKARD, | Case No. C07-80195 MISC MHP (EMC) |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION OF NETOPIA, INC. TO QUASH OR MODIFY SUBPOENAS** |
| v. | |
| NETOPIA, INC. and ALAN LEFKOF, | Date:      October 3, 2007
Time:      1:00 p.m.
Courtroom: C
Floor:     15th |
| Defendants. | |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 3, 2007, at 1:00 p.m. in Courtroom C, 15th floor of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, defendant Netopia Inc. ("Netopia") will and does hereby move for an order quashing the subpoenas served on non-party witness Johnathan Guthart in the case *Frankl v. Netopia*, No. 3:05-cv-1575-B ECF, now pending in the United States District Court for the Northern District of Texas.

This motion will be made pursuant to Federal Rule of Civil Procedure 45 on the ground that the subpoenas seek discovery that is unduly burdensome, and evidence that is both irrelevant and may be protected by the attorney-client privilege and the work product doctrine.

This motion will be based on this notice of motion and the attached memorandum in support of the motion, the Declaration of Roland M. Juarez in Support of the Motion of Netopia, Inc. to Quash or Modify Subpoenas and the documents and records attached thereto, any oral argument that may be presented at the hearing on this motion and any other matter that the court deems appropriate.

Dated: August 21, 2007

AKIN GUMP STRAUSS HAUER & FELD LLP

By /s/
Roland M. Juarez
Attorneys for Netopia, Inc. and Alan Lefkof

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH OR MODIFY SUBPOENAS**

Netopia, Inc. ("Netopia") respectfully requests that the Court quash or modify two subpoenas in a civil case, served on July 24, 2007, on Non-Party Johnathan Guthart. The subpoenas seek deposition testimony and document production relating to Guthart's testimony in connection with an SEC investigation of Netopia initiated in August 2004, and KPMG's entire production of documents to the SEC in relation to the investigation. The subpoenas seek information that is irrelevant and, in some cases, protected from disclosure by the attorney-client privilege, the work product doctrine, and other privileges applicable under the federal laws or rules of procedure. Accordingly, the Court should quash or modify the subpoenas to prohibit Plaintiffs Peter Frankl and John Deckard from discovering documents and taking deposition testimony relating to issues or topics that are either irrelevant or are privileged.

## I.     INTRODUCTION

On July 24, 2007, Plaintiffs served a deposition subpoena and a subpoena duces tecum on Non-Party Johnathan Guthart. A copy of the deposition subpoena is attached as Exhibit A, and a copy of the subpoena duces tecum is attached as Exhibit B. *See* Declaration of Roland M. Juarez In Support of Motion of Netopia, Inc. To Quash or Modify Subpoenas ("Juarez Decl") ¶¶ 2-3, Exs. A & B. Mr. Guthart is a partner with KPMG, Netopia's former outside auditors. Juarez Decl., ¶ 4, Ex. C (Deposition of Johnathan Guthart before the Securities and Exchange Commission ("Guthart Dep.") at 12:15-23).

As Netopia's former outside auditors, KPMG was responsible for preparing and reviewing Netopia's quarterly financial statements. Juarez Decl., ¶ 4, Ex. C (Guthart Dep. at 67:13-22). In this capacity, KPMG reviewed a number of significant audit issues, including Netopia's recognition of revenue and accounts receivable. Juarez Decl., ¶ 4, Ex. C. (Guthart Dep. at 20:20-21:7). In the fall of 2003, KPMG reviewed Netopia's annual financial statements, which, among other things, included reference to two computer software transactions with Interface Computer Company ("the ICC transactions"). Juarez Decl., ¶ 4, Ex. C (Guthart Dep. at 121:18-122:21).

In July 2004, Netopia's Audit Committee hired Morrison & Foerster to assist and advise it in its investigation of, among other things, the revenue recognized in the ICC transactions. Morrison &

2

Foerster periodically provided KPMG with updates concerning the status of the investigation. Less than one month into Audit Committee's investigation, in August 2004, the San Francisco District Staff of the Securities and Exchange Commission ("SEC") initiated an investigation into Netopia's accounting and financial results.

In the subpoenas, Plaintiffs request "[a]ny and all documents produced by [Guthart] and/or KPMG to the SEC in the case styled *In the matter of: Netopia, Inc. . . .*," as well as "[a]ny and all documents identified and/or offered during your depositions taken on November 9, 2004 and January 5, 2005 in the case styled *In the matter of: Netopia, Inc. . . .*" See Juarez Decl., ¶ 2-3, Exs. A & B. Netopia requests that the Court quash or modify Plaintiffs' subpoena for three reasons. First, the subpoenas seek information that is neither relevant to Plaintiffs' underlying claims nor likely to lead to the discovery of admissible evidence in support of those claims. Second, the subpoenas are overbroad and unduly burdensome on Guthart because they generically request all documents produced or identified by KPMG to the SEC during its investigation of Netopia. Third, the subpoenas seek discovery of documents and information that are protected by the attorney-client privilege and/or the work product doctrine.

## II.     ARGUMENT

A.     <u>The Subpoenas Seek Information That Is Not Relevant To Plaintiffs' Claims</u>

The Court should quash Plaintiffs' subpoenas because the subpoenas do not seek information that is relevant or likely to lead to the discovery of admissible evidence with respect to the claims Plaintiffs have asserted in Case No. 3:05-CV-1757-B ECF, pending in the United States District Court for the Northern District of Texas, Dallas Division – specifically, retaliatory discharge, defamation, and breach of contract. *See* Juarez Decl., ¶ 5, Ex. D (Plaintiffs' Complaint). The subpoenas are simply a diversion from the key factual issues in this case, which are undisputed. As such, the subpoenas seek abusive and unnecessary discovery, and should be quashed.

The Court has authority to quash or modify a subpoena that seeks discovery of irrelevant evidence. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (explaining that courts consider relevance as a factor when considering whether to quash a subpoena). Here, the documents sought by Plaintiffs in the subpoenas are not probative of any issues arising from Plaintiffs' substantive

3

Motion of Netopia, Inc. To Quash or Modify Subpoenas                                      No. 3:05-CV-1757-B ECF (N.D. Tex.)

claims. This case is about whether Netopia violated the whistleblower protection provision of the Sarbanes-Oxley Act when it terminated Plaintiffs' employment for their admitted wrongdoing in connection with the ICC transactions, defamed Plaintiffs when it communicated information within Netopia concerning Plaintiffs' termination, or failed to pay Plaintiffs commissions allegedly owed them. None of the material facts underlying these claims are in dispute, and the documents and information Guthart and/or KPMG produced to the SEC during a securities fraud investigation have no bearing on them.

In his capacity as the engagement partner responsible for KPMG's audits of Netopia's financial statements, Guthart was responsible for reviewing transactions that had any bearing on the revenue and accounts receivable recognized in Netopia's financial statements. Juarez Decl., ¶ 4, Ex. C (Guthart Dep. at 68:2-20; 72:5-11). This responsibility extended to all such transactions, not merely the two transactions referred to in Plaintiffs' Sarbanes-Oxley whistleblower claims. *See id.* The document requests appended to the SEC's subpoena of KPMG sought information relating to the entire Netopia engagement, not simply the transactions referred to in Plaintiff's Complaint. *See* Juarez Decl., ¶ 6, Ex. E (Letter of August 27, 2004 from Sheila O' Callaghan to Claudia Taft and attachments ("SEC Subpoena")). For example, the SEC's Document Request A(1) seeks "All DOCUMENTS relating to NETOPIA's policies and procedures regarding: (1) revenue recognition, and (2) accounts receivable and related collectability documents maintained by NETOPIA." Juarez Decl., ¶ 6, Ex. E (SEC Subpoena at 48). Similarly, the SEC's Document Request A(2) seeks "All DOCUMENTS concerning NETOPIA's internal controls." Juarez Decl., ¶ 6, Ex. E (SEC Subpoena at 48). In total, the SEC's subpoena includes 29 requests and sub-requests for documents, many of which have nothing to do with the transactions referenced by Plaintiffs.

Accordingly, Plaintiffs' request seeking "any and all" documents merely referenced by Guthart in his deposition, and Plaintiffs' request for all documents produced to the SEC, sweeps in a massive amount of material that has absolutely no bearing on those claims.

B.   The Subpoenas Are Overbroad and Unduly Burdensome

Even if Plaintiffs' subpoenas did seek relevant evidence, the subpoenas are unduly burdensome because they have not been tailored to issues relating to Plaintiffs' underlying claims. The Court has

4

authority to quash a subpoena that subjects the answering party to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iv); *see Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814 (9th Cir. 2003). The information sought by subpoena "must be relevant to the claims and defenses in the underlying case . . . [and] [o]verbroad subpoenas seeking irrelevant information may be quashed or modified." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006).

Here, Plaintiffs' subpoenas are overly broad and are calculated only for the purpose of engaging in a protracted fishing expedition, imposing unnecessary litigation costs, or both, rather than revealing relevant evidence. Even assuming Guthart and/or KPMG has evidence relevant to Plaintiffs' underlying claims, Plaintiffs make no effort to tailor the subpoenas to elicit such information. Rather, the subpoenas seek all documents identified or produced by Guthart or KPMG during the SEC's investigation of Netopia. Accordingly, the subpoenas unnecessarily require disclosure of a wide array of documents and information that bear no connection to Plaintiffs' claims.

C.    <u>The Subpoenas Call For Some Documents Protected By The Attorney-Client Privilege Or The Work Product Doctrine</u>

Finally, the subpoenas must be quashed or modified because they call for some documents and information that are protected from disclosure by the attorney-client privilege or the work product doctrine. Rule 45(c)(3)(A)(iv) requires the court to quash or modify any subpoena that "requires disclosure of privileged or other protected matter and no exception or waiver applies." Here, the subpoenas call for "[a]ny and all documents produced by [Guthart] and/or KPMG to the SEC in the case styled *In the matter of: Netopia, Inc. . . . ,*" and "[a]ny and all documents identified and/or offered during [Guthart's] depositions taken on November 9, 2004 and January 5, 2005 . . . ."

The attorney-client privilege and the work product doctrine cover some documents identified or produced by Guthart and/or KPMG. The attorney-client privilege protects communications between lawyers and agents of a client where such communications are for the purposes of rendering legal advice. *Upjohn Co. v. United States*, 449 U.S. 383 (1981); *Smith v. McCormick*, 914 F.2d 1153, 1159 (9th Cir. 1990); *Segerstrom v. United States*, No. C 00-0833 I, 2001 WL 283805, at *2 (N.D. Cal. Feb 6, 2001) (*citing United States v. Kovel*, 296 F.2d 918, 921 (2d Cir. 1961)). The privilege has expressly been extended to communications made in the course of an internal investigation, such as the ones at

5

Motion of Netopia, Inc. To Quash or Modify Subpoenas                                    No. 3:05-CV-1757-B ECF (N.D. Tex.)

issue here. *See Lawrence E. Jaffe Pension Plan v. Household Intern., Inc.*, No. 02 C 5893, 2006 WL 3524016, at *4-6 (N.D. Ill. Dec. 6, 2006) (attorney-client privilege not waived on documents and communications underlying internal investigation); *In re OM Securities Litig.*, 226 F.R.D. 579, 587-89 (N.D. Ohio 2005) (documents and communications prepared by outside counsel used in internal Audit Committee investigation are privileged); *Abdallah v. Coca-Cola Co.*, No. CIV A1:98CV3679RWS, 2000 WL 33249254, at *2-3 (N.D. Ga. Jan. 25, 2000) (privilege not waived when company's corporate counsel retained outside employment law consultant to conduct internal investigation).

In addition, when an accountant works at the direction of an attorney for the purpose of assisting the attorney in rendering legal advice, the accountant's work for that purpose is covered by the privilege. *See United States v. Judson*, 322 F.2d 460, 462 (9th Cir. 1963) (finding financial statement prepared by accountant privileged where "prepared at the attorney's request, in the course of an attorney-client relationship, for the purpose of advising and defending his clients"); *Samuels v. Mitchell*, 155 F.R.D. 195, 198 (N.D. Cal. 1994) (noting that "the presence of an accountant, whether hired by the lawyer or by the client, while the client is relating a complicated tax story to the lawyer, ought not destroy the privilege . . .; the presence of the accountant is *necessary, or at least highly useful*, for the effective consultation between the client and the lawyer which the privilege is designed to permit (emphasis in original)).

Additionally, some of Guthart's and/or KPMG's work was used to assist Netopia in anticipation of litigation, and consequently, is protected by the work product doctrine. *See* Fed. R. Civ. P. 26(b)(3) (limiting discovery of documents prepared in anticipation of litigation by a party or that party's representatives, including attorneys, insurers, consultants, suretys, indemnitors or agents, and instructing courts to protect the mental impressions, conclusions, opinions or legal theories of an attorney or other representative or a party from disclosure); *In re Copper Mkt. Antitrust Litig.*, 200 F.R.D. 213, 220 (S.D.N.Y. 2001) ("Once it is established that a document was prepared in anticipation of litigation, work product immunity protects 'documents prepared by or for a representative of a party, including his or her agent.'"); *United States v. Mobil Corp.*, 149 F.R.D. 533, 537-38 (N.D. Tex. 1993) (work product created during the course of an investigation is protected from discovery).

6

Motion of Netopia, Inc. To Quash or Modify Subpoenas                    No. 3:05-CV-1757-B ECF (N.D. Tex.)

Guthart's and/or KPMG's disclosure of privileged documents to the SEC in the course of its investigation does not waive the privilege. It is axiomatic that the attorney-client privilege belongs to the client alone and may be waived only by the client. *See Application of Sarrio, S.A.*, 119 F.3d 143, 147 (2d Cir. 1997). To the extent KPMG disclosed documents to the SEC without Netopia's consent, the privilege is not waived. *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348-49 (1985) (explaining that power to waive privilege on behalf of a corporation rests with management); *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) (explaining that employee who "never was given any authority to waive the attorney-client privilege" did not waive privilege through unauthorized disclosure). Further, even if KPMG's disclosure did constitute a waiver, the subpoenas call for disclosure of documents that were only "identified" to the SEC. Merely "identifying" a document, however, does not suffice to waive the privilege. *See* Fed. R. Civ. P. 26(b)(5) (requiring a party asserting a claim of privilege to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection").

Accordingly, the subpoenas must be quashed or modified to avoid disclosure of documents or information protected by the attorney-client privilege or the work product doctrine.

### D. Conclusion

For the foregoing reasons, Netopia respectfully requests the Court quash or modify the subpoenas served on non-party Johnathan Guthart.

Dated: August 21, 2007

AKIN GUMP STRAUSS HAUER & FELD LLP

By /s/ Roland M. Juarez
Attorneys for Netopia, Inc. and Alan Lefkof

## DECLARATION OF ROLAND M. JUAREZ

I, Roland M. Juarez, hereby declare as follows:

1. I am an attorney at law duly licensed to practice in the Northern District of California and a partner in the law firm of Akin Gump Strauss Hauer & Feld LLP, attorneys of record for defendants Netopia, Inc. and Alan Lefkof. I have personal knowledge of the facts stated herein, and if called and sworn as a witness, I would and could testify competently under oath thereto. I submit this declaration in support of the Motion of Netopia, Inc. To Quash or Modify Subpoenas.

2. Attached hereto as **Exhibit A** is a true and correct copy of a Subpoena in a Civil Case for appearance at a deposition, issued in *Frankl v. Netopia, Inc.*, Case No. 3:05-cv-1757-B ECF, directed to Johnathan Guthart of KPMG, dated July 24, 2007.

3. Attached hereto as **Exhibit B** is a true and correct copy of a Subpoena in a Civil Case for production of documents, issued in *Frankl v. Netopia, Inc.*, Case No. 3:05-cv-1757-B ECF, directed to Johnathan Guthart of KPMG, dated July 24, 2007.

4. Attached hereto as **Exhibit C** is a true and correct copy of relevant pages of the deposition of Johnathan Guthart before the United States Securities and Exchange Commission, dated November 9, 2004.

5. Attached hereto as **Exhibit D** is a true and correct copy of Plaintiffs Peter Frankl's and John Deckard's First Amended Complaint, filed November 28, 2006.

6. Attached hereto as **Exhibit E** is a true and correct copy of a letter, dated August 27, 2004, from Sheila O'Callaghan, Senior Counsel, Securities and Exchange Commission to Claudia Taft, General Counsel, KPMG LLP, and attached document requests.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration consisting of five numbered paragraphs is true and correct, and is based upon personal knowledge.

Executed this 21nd day of August, 2007, at Los Angeles, California

_____
Roland M. Juarez

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Ste 2400, Los Angeles, CA 90067. On August 21, 2007, I served the foregoing document(s) described as: **NOTICE OF MOTION AND MOTION OF NETOPIA, INC. TO QUASH OR MODIFY SUBPOENAS** on the interested party(ies) below, using the following means:

> Wade L. McClure
> Gibson, McClure, Wallace & Daniels, LLP
> 8080 N. Central Expressway, Suite 1300, LB 50
> Dallas, Texas 75206

☐ BY PERSONAL SERVICE   I delivered such envelope(s) by hand to the offices of the addressee(s).

☐ BY UNITED STATES MAIL   I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☐ BY OVERNIGHT DELIVERY   I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY MESSENGER SERVICE   I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY FAX   Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the respective fax number(s) of the party(ies) as stated above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission(s), which I printed out, is attached.

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.   Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 21, 2007 at Los Angeles, California.

Tracy Howe
[Print Name of Person Executing Proof]          [Signature]

---

Motion of Netopia, Inc. To Quash or Modify Subpoenas          No. 3:05-CV-1757-B ECF (N.D. Tex.)