1  ROLAND M. JUAREZ (SBN 160793)
   **AKIN GUMP STRAUSS HAUER & FELD LLP**
2  2029 Century Park East, Suite 2400
   Los Angeles, California 90067-3012
3  Telephone:    310-229-1000
   Facsimile:    310-229-1001
4  rjuarez@akingump.com

5  STEPHANIE K. OSTEEN (*admitted pro hac vice*)
   **AKIN GUMP STRAUSS HAUER & FELD LLP**
6  1700 Pacific Avenue, Suite 4100
   Dallas, Texas 75201
7  Telephone:    214-969-2800
   Facsimile:    214-969-4343
8  sosteen@akingump.com

9  Attorneys for NETOPIA, INC. and ALAN LEFKOF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| PETER FRANKL and JOHN DECKARD, | Case No. C07-80195 MISC MHP (EMC) |
|---|---|
| Plaintiffs, | **REPLY MEMORANDUM IN SUPPORT OF THE MOTION OF NETOPIA, INC. TO QUASH OR MODIFY SUBPOENAS TO NON-PARTY JOHNATHAN GUTHART** |
| v. | |
| NETOPIA, INC. and ALAN LEFKOF, | |
| Defendants. | Date:   October 3, 2007<br>Time:   1:00 pm<br>Ctrm:   C, 15th Floor<br>Judge:  Magistrate Judge Edward Chen |

## REPLY MEMORANDUM

### I. Introduction

The subpoenas of Plaintiffs Peter Frankl and John Deckard, directed toward non-party witness Jonathan Guthart, seek information that is irrelevant and, in some instances, protected from disclosure by the attorney-client privilege, the work product doctrine, and other privileges applicable under the federal laws or rules of procedure. Because the discovery Plaintiffs seek is improper, the Court should quash or modify the subpoenas.

In response, Plaintiffs rely on the same waiver of privilege arguments they rely on in opposition to Netopia's motion to quash their subpoenas to Morrison & Foerster. This response is not a complete answer. Plaintiffs never answer Netopia's arguments that (1) the subpoenas seek information that is not relevant in this case and (2) the subpoenas are overbroad and unduly burdensome.

Further, as stated in detail in Netopia's opening brief, many of the documents sought in the subpoenas are protected by the attorney-client privilege and or the work product doctrine. Despite Plaintiffs' protestations to the contrary, Netopia has not placed in issue any advice its Audit Committee received from Morrison & Foerster. Accordingly, to the extent that Guthart assisted Morrison & Foerster in advising the Audit Committee, the privilege protecting those communications has not been waived. Further, any disclosure to the SEC is immaterial, because Plaintiffs cannot show that any information within the scope of that disclosure is relevant to their claims.

Consequently, the Court should grant Netopia's motion to quash or modify the subpoenas.

### II. Argument

**A.  The Subpoenas Are Overbroad And Seek Information Not Reasonably Calculated To Lead To The Discovery Of Evidence Relevant To Plaintiff's Claims.**

As Netopia explained in its opening brief, Plaintiffs subpoenas to Guthart should be quashed because they seek abusive and unnecessary discovery. The discovery Plaintiffs seek from Guthart is entirely unrelated to the issues in this case. While this case involves alleged wrongful termination in violation of the whistleblower provisions of Sarbanes-Oxley, defamation and breach of contract, Plaintiffs seek discovery into the SEC's investigation of securities fraud allegedly committed by Netopia. Not only is this discovery only tangentially related to Plaintiffs' claims, but it is unnecessarily

1

cumulative in light of the fact that Plaintiffs' have already taken voluminous discovery in this case and the core factual issues underlying their claims are undisputed. Notably, Plaintiffs do not challenge this point in their opposition to this Motion.

The Court has authority to quash or modify a subpoena that seeks discovery of irrelevant evidence. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (explaining that courts consider relevance as a factor when considering whether to quash a subpoena). Further, the Court has authority to quash or modify a subpoena that is overbroad, or subjects the target to undue burden. *See Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814 (9th Cir. 2003); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006).

As explained in Netopia's opening brief, the fact that the subpoenas seek "any and all" documents referenced in Guthart's testimony before the SEC demonstrates both that the subpoenas are overbroad and that they seek production of irrelevant evidence. The subpoenas contain no limitation the scope of the information Plaintiffs seek from Guthart's SEC testimony. As Netopia explained in its opening brief (at 4), Guthart testified on a variety of topics relating to his role as Netopia's outside auditor. Much of this information is irrelevant to the issues in this case. This fact further shows that the subpoenas are overbroad.

B.  The Subpoenas Call For Some Documents Protected By The Attorney-Client Privilege Or The Work Product Doctrine.

Further, as Netopia demonstrated in its opening brief, the subpoenas call for some documents and information protected from disclosure by the attorney-client privilege or the work product doctrine. In response, Plaintiffs claim the privilege has been waived because Netopia placed Morrison & Foerster's work on behalf of the Audit Committee in issue and because Netopia disclosed privileged information to outside parties.

First, Netopia has not placed privileged communications with Morrison & Foerster in issue. As explained fully in Netopia's Reply in support of its Motion to Quash or Modify the Subpoena directed to Morrison & Foerster, Netopia's affirmative defenses to Plaintiff's claims do not rely on the advice of counsel, but were based on Plaintiffs' *conduct*. Furthermore, Plaintiffs are not entitled to discovery of privileged materials simply because privileged information may indirectly be related to Netopia's

2

1 defenses. *See, e.g., In re Geothermal Resources Intern., Inc.*, 93 F.3d 648, 653 (9th Cir. 1996) (privileged information not discoverable when "only one form of indirect evidence regarding appellants' good faith").

Further, the fact that Morrison & Foerster shared confidential communications with KPMG does not defeat the privilege. Netopia explained in its opening brief (at 5-6) that the attorney-client privilege extends to communications made in the course of an internal investigation, and that an accountant's work at the direction of an attorney for the purpose of rendering legal advice is protected by the attorney-client privilege. Plaintiffs do not challenge this contention.

Moreover, even assuming the merits of Plaintiffs' argument that Netopia waived the privilege by disclosing documents to the SEC, the scope of such a waiver would extend only to the disclosure of relevant documents. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). As Netopia has explained, the discovery sought in these subpoenas has no bearing on Plaintiffs' claims.

In sum, the subpoenas must be quashed or modified to avoid disclosure of documents or information protected by the attorney-client privilege or the work product doctrine.

## C.   Conclusion

For the foregoing reasons, Netopia respectfully requests the Court quash or modify the subpoenas served on non-party Jonathan Guthart.

Dated: September 19, 2007

AKIN GUMP STRAUSS HAUER & FELD LLP
ROLAND M. JUAREZ
STEPHANIE K. OSTEEN

By /Roland M. Juarez /s/
Roland M. Juarez
Attorneys for NETOPIA, INC. and ALAN LEFKOF

ROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Ste 2400, Los Angeles, CA 90067. On September 19, 2007, I served the foregoing document(s) described as: **REPLY MEMORANDUM IN SUPPORT OF THE MOTION OF NETOPIA, INC. TO QUASH OR MODIFY SUBPOENAS TO NON-PARTY JOHNATHAN GUTHART** on the interested party(ies) below, using the following means:

Wade L. McClure
Gibson, McClure, Wallace & Daniels, LLP
8080 N. Central Expressway, Suite 1300, LB 50
Dallas, Texas 75206

☐ BY PERSONAL SERVICE  I delivered such envelope(s) by hand to the offices of the addressee(s).

☐ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☐ BY OVERNIGHT DELIVERY  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY MESSENGER SERVICE  I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY FAX  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the respective fax number(s) of the party(ies) as stated above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission(s), which I printed out, is attached.

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 19, 2007 at Los Angeles, California.

Tracy Howe                              / Tracy Howe /s/
[Print Name of Person Executing Proof]  [Signature]

4

PROOF OF SERVICE                                    C07-80195 MISC MHP (EMC)