GIBSON, MCCLURE, WALLACE & DANIELS, L.L.P.
WADE L. MCCLURE (SBN: 13428700)
8080 N. Central Expressway, Suite 1300, LB50
Dallas, Texas 75206-1838
Telephone: (214) 891-8040
Facsimile:  (214) 891-8010
wmcclure@gmwd.com
Attorneys for John Deckard and Peter Frankl

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

PETER FRANKL AND
JOHN DECKARD,

        Plaintiffs,

v.

NETOPIA, INC. AND ALAN LEFKOF,

        Defendants.

Case No. 3:07-MC-80195-MHP (EMC)

(PENDING IN THE U.S. DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF TEXAS 3:05-CV-1757B)
(*PRO HAC VICE*)

**PLAINTIFFS' MOTION AND NOTICE OF
MOTION TO COMPEL PRODUCTION OF
DOCUMENTS**

**TO: THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

       COMES NOW, Plaintiffs Peter Frankl and John Deckard (hereinafter "Plaintiffs") and file this

their Motion to Compel Documents from Morrison & Foerster, LLP pursuant to the Subpoena Duces

Tecum served on Morrison & Foerster, LLP on May 9, 2007.  Plaintiffs would respectfully show the

court the following:

       1.     Plaintiffs' subpoena served on Morrison & Foerster is attached to the Declaration of

Wade L. McClure as Exhibit A.

       2.     Morrison & Foerster served objections to the subpoena on July 27, 2007, attached to

the Declaration of Wade L. McClure as Exhibit B, and served a privilege log on Plaintiffs on August

22, 2007.

3.      In the underlying Texas proceeding, Magistrate Sanderson of the United States District Court - Dallas Division heard arguments on the very issues that are the subject of this motion on September 11, 2007.  On September 17, 2007, Magistrate Sanderson entered an order granting Plaintiffs motion to compel, except for one document, and finding that Netopia's privileges were waived.  A copy of the Order is attached to the Declaration of Wade L. McClure as Exhibit C.

4.      As further support for this Motion to Compel, Plaintiffs refer to their Memorandum in Opposition to Netopia's Motion to Quash or Modify Subpoena Duces Tecum filed on September 12, 2007.  The Memorandum in Opposition is located on PACER at document no. 10.  *Frankl, Deckard v. Netopia, Lefkof,* Case No. 3:07-MC-80195 MHP.

5.      As additional support for its motion, Plaintiffs submit the Declaration of Howard Slayen which is attached to the Declaration of Wade L. McClure as Exhibit D.  Paragraph 6 of the Slayen Declaration states - in pertinent part:

> After the interviews were completed, the Morrison & Foerster lawyers reported their findings to the Audit Committee, including myself.  **Among other things,** these lawyers informed the Audit Committee that, during their interviews, Plaintiffs had provided facts and documents showing they had engaged in intentional wrongdoing in connection with certain software transactions they had negotiated, including altering documents and concealing material information from Netopia's accounting department. (emphasis added)

The partial disclosure of this communication and Netopia's reliance on the communication waives the privileges concerning findings and disclosures by Morrison & Foerster.  Plaintiffs' are entitled to discover all information reported by Morrison & Foerster.  *See Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 511 (9th Cir. 2003).  The disclosure of any significant portion of a confidential communication waives the privilege to the whole.  *See also Nguyen v. Excel Corp.*, 197 F.3d 200, 208 (5th Cir.1999).  *See* Magistrate Sanderson Order attached to the Declaration of Wade L. McClure as Exhibit C.  The waiver of an attorney-client communication waives the privilege as to all other communications relating to the same subject matter.  *See also SEC v. Brady*, 238 F.R.D. at 441.  Thus all communications and opinions communication by MoFo to Netopia are discoverable.

6.      Plaintiffs have submitted the Morrison & Foerster privilege log, which is marked a confidential, *under seal* in this case for the Court's review.

Dated: September 19, 2007                    GIBSON, MCCLURE, WALLACE & DANIELS, LLP

                                                          s/ Wade L. McClure
                                             By:         _____
                                                         Wade L. McClure
                                                         8080 N. Central Expressway
                                                         Suite 1300, LB50
                                                         Dallas, Texas 75206-1838
                                                         Telephone: (214) 891-8040
                                                         Facsimile:  (214) 891-8010
                                                         wmcclure@gmwd.com

                                                         Attorneys for John Deckard and Peter Frankl

## PROOF OF SERVICE

I am a citizen of the United States and employed in Dallas County, Texas.  I am over the age of eighteen and not a party to the within-entitled action.  I declare that I am an attorney at law admitted *pro hac vice* to practice in the Northern District of California.   My business address is 8080 N. Central Expressway, Suite 1300, Dallas, Texas 75206.  On September 19, 2007, I caused to be served by operation of the Court's electronic filing system a true and correct copy of the within document:

**PLAINTIFFS' MOTION AND NOTICE OF**
**MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

by delivering copies thereof to:

      Roland Michael Juarez, Esq.
      rjuarez@akingump.com

Service on attorney admitted *pro hac vice* for Defendant Netopia served via First Class Mail:

      Stephanie Osteen
      Akin Gump Strauss Hauer & Feld LLP
      1700 Pacific Avenue
      Suite 4100
      Dallas, Texas 75201


Executed on September 19, 2007, at Dallas, Texas 75206.

                                             s/ Wade L. McClure
                                             _____
                                             Wade L. McClure

1

## DECLARATION OF WADE L. MCCLURE

2  I, Wade L. McClure, hereby declare as follows:

3  1.    I am an attorney at law admitted *pro hac vice* to practice in the Northern District of

4  California and a partner in the law firm of Gibson, McClure, Wallace & Daniels, LLP, attorneys for

5  Plaintiffs Peter Frankl and John Deckard.  I have personal knowledge of the facts stated herein, and

6  if called and sworn as a witness, I would and could testify competently under oath thereto.  I submit

7  this declaration in support of the Administrative Motion to Compel Production of Documents.

8  2.    Attached hereto as **Exhibit A** is a true and correct copy of Plaintiffs' Subpoena served

9  on Morrison & Foerster and filed in *Peter Frankl and John Deckard v. Netopia, Inc. and Alan Lefkof*,

10  Case No. 3-05-CV-1757-B.

11  3.    Attached hereto as **Exhibit B** is a true and correct copy of the Motion of The Netopia

12  Audit committee to Quash or Modify Subpoena Duces Tecum filed in *Peter Frankl and John Deckard*

13  *v. Netopia, Inc. and Alan Lefkof*, Case No. 3-05-CV-1757-B.

14  4.    Attached hereto as **Exhibit C** is a true and correct copy of the Order granting Plaintiffs'

15  Motion to Compel filed in *Peter Frankl and John Deckard v. Netopia, Inc. and Alan Lefkof*, Case No.

16  3-05-CV-1757-B.

17  5.    Attached hereto as **Exhibit D** is a true and correct copy of the Declaration of Howard

18  Slayen filed in *Peter Frankl and John Deckard v. Netopia, Inc. and Alan Lefkof*, Case No. 3-05-CV-

19  1757-B.

20  I declare under penalty of perjury under the laws of the United States of America that the

21  foregoing declaration consisting of five numbered paragraphs is true and correct, and is based upon

22  personal knowledge.

23  Executed this 19th day of September, 2007, at Dallas, Texas.

24

25                                                  s/ Wade L. McClure

26                                                  _____
                                                    Wade L. McClure

27

28

**PLAINTIFFS' MOTION AND NOTICE OF
MOTION TO COMPEL PRODUCTION OF
DOCUMENTS**
**Case No. 3:07-MC-80195-MHP (EMC)**          -4-

# EXHIBIT A

1.  All documents, electronically stored information ("ESI"), and materials collected, reviewed, and/or created by Morrison & Foerster, LLP in connection with its investigation for and on behalf of Netopia and/or the Netopia Audit Committee in 2004, including without limitation, notes from interviews, e-mails, and other documentation collected from Netopia employees and representatives; intra-Morrison & Foerster emails, memos, and ESI; and any other documents and ESI obtained from third parties, including but not limited to ICC, KPMG or the SEC. ESI should be produced in a reasonably usable format for Microsoft Windows systems.

2.  All original metadata regarding creation, access, storage, modification/alteration, and sharing for the ESI requested above.

▸   The Plaintiffs herein have entered into a confidentiality and protective order and will agree that any and all documents and ESI that you produce in connection with this subpoena, designated "Confidential," shall be subject to the terms of that confidentiality and protective order.



EXHIBIT
A

1    **AKIN GUMP STRAUSS HAUER & FELD LLP**
     ROLAND M. JUAREZ (SBN 160793)
2    2029 Century Park East, Suite 2400
     Los Angeles, California 90067-3012
3    Telephone:    310-229-1000
     Facsimile:    310-229-1001
4    Email:        rjuarez@akingump.com

5    Attorneys for The Netopia Audit Committee

6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9

10   PETER FRANKL AND JOHN              Case No. 3:05-CV-1757-B ECF
     DECKARD,
11                                      **(PENDING IN THE U.S. DISTRICT**
                Plaintiffs,             **COURT FOR THE NORTHERN**
12                                      **DISTRICT OF TEXAS)**
          v.
13                                      MOTION OF THE NETOPIA AUDIT
     NETOPIA, INC. AND ALAN LEFKOF,     COMMITTEE TO QUASH OR MODIFY
14                                      SUBPOENA DUCES TECUM
                Defendants.
15

16

17        The Netopia Audit Committee respectfully requests that the Court quash or modify the

18   subpoena duces tecum served on Non-Party Morrison & Foerster LLP to prohibit Plaintiffs Peter

19   Frankl and John Deckard from discovering documents protected from disclosure by the attorney-

20   client privilege and work product doctrine, and any other privilege applicable under the federal

21   law or rule of procedure.

22                          **I.  INTRODUCTION**

23        On May 9, 2007, Plaintiffs served a subpoena duces tecum on Non-Party Morrison &

24   Foerster LLP.  A copy of the subpoena is attached as Exhibit A to this motion.[1]  Morrison &

25   Foerster was hired by the Netopia Audit Committee to provide legal guidance in the face of

26   _____

27   [1] The date for Morrison & Foerster to comply with the subpoena was extended by agreement to July
     27, 2007.  (Letter from Wade L. McClure to Douglas L. Hendricks dated June 7, 2007, attached as
     Exhibit C to this motion.)

28

                                    1

**EXHIBIT
B**

potential claims. Specifically, Morrison & Foerster was engaged by the Audit Committee to assist and advise the Audit Committee in its investigation of, among other things, revenue recognized in two computer software transactions with one of Netopia's customers, Interface Computer Company. (Declaration of Craig Martin ("Martin Decl.") ¶ 3, attached hereto as Exhibit B.) Pursuant to this engagement, Morrison & Forester, on behalf of the Audit Committee, collected and reviewed documents and conducted witness interviews from approximately July 2004 through September 2004. (Ex. B, Martin Decl. ¶ 4.) To assist in the investigation, Morrison & Forester also engaged Walter Rush, a forensic accountant, to act as its accounting advisor. (Ex. B, Martin Decl. ¶ 4.) Morrison & Foerster lawyers exercised their judgment and analytical skills in selecting and distilling the large volume of information under review for purposes of providing legal advice to the Audit Committee. (Ex. B, Martin Decl. ¶ 4.)

During the course of the investigation, Morrison & Foerster attorneys kept members of the Audit Committee apprised of the facts and documents collected, and shared with the Audit Committee Morrison & Foerster's analysis and legal advice. (Ex. B, Martin Decl. ¶ 5.) At the conclusion of the investigation, Morrison & Foerster presented a summary of relevant facts and documents collected during the course of the Audit Committee's investigation, and provided the Audit Committee with further legal advice and analysis. (Ex. B, Martin Decl. ¶ 5.)

In their subpoena, Plaintiffs request, among other things, "all documents, electronically stored information ("ESI"), and materials collected, reviewed, and/or created by Morrison & Foerster, LLP in connection with its investigation for and on behalf of Netopia and/or the Netopia Audit Committee in 2004, including without limitation, notes from interviews, e-mails, and other documentation collected from Netopia employees and representatives; intra-Morrison & Foerster emails, memos, and ESI obtained from third parties, including but not limited to ICC, KPMG or the SEC." (Ex. A, Subpoena.) Because the attorney-client privilege and work product doctrine clearly protect these documents, the Netopia Audit Committee requests that the Court quash or modify Plaintiffs' subpoena.

MOTION OF THE NETOPIA AUDIT COMMITTEE TO QUASH
SUBPOENA DUCES TECUM AND FOR PROTECTION

## II. ARGUMENT

### Plaintiffs' Subpoena Seeks Documents Protected From Disclosure
### By The Attorney-Client Privilege And Work Product Doctrine.

The attorney-client privilege protects communications between lawyers and agents of a client where such communications are for the purposes of rendering legal advice. *Upjohn Co. v. United* States, 449 U.S. 383 (1981); *Smith v. McCormick*, 914 F.2d 1153, 1159 (9th Cir. 1990); *Segerstrom v. United States*, No. C 00-0833 I, 2001 WL 283805, at *2, 2001-1 U.S. Tax Cas. (CCH) P 50,315 (N.D. Cal. Feb. 6, 2001) (citing *United States v. Kovel*, 296 F.2d 918, 921 (2d Cir. 1961)). The privilege has expressly been extended to communications, such as the ones at issue here. *See Lawrence E. Jaffe Pension Plan v. Household Intern., Inc.*, No. 02 C 5893, 2006 WL 3524016, at *4-6 (N.D. Ill. Dec. 6, 2006) (attorney-client privilege not waived on documents and communications underlying internal investigation); *In re OM Securities Litig.*, 226 F.R.D. 579, 587-89 (N.D. Ohio 2005) (documents and communications prepared by outside counsel used in internal Audit Committee investigation are privileged); *Abdallah v. Coca-Cola Co.*, No. CIV A1:98CV3679RWS, 2000 WL 33249254, at *2-3 (N.D. Ga. Jan. 25, 2000) (privilege not waived when company's corporate counsel retained outside employment law consultant to conduct internal investigation). Materials and information exchanged between Morrison & Foerster and Netopia's Audit Committee in connection with the investigation are thus protected by the attorney-client privilege and Plaintiffs subpoena should be quashed or modified to the extent it seeks to discover these privileged documents.

Similarly, any all work product collected, reviewed, created, or obtained by Morrison & Foerster in connection with the investigation is protected. *See* FED. R. CIV. P. 26(b)(3) (limiting discovery of documents prepared in anticipation of litigation by a party or that party's representatives, including attorneys, insurers, consultants, suretys, indemnitors or agents, and instructing courts to protect the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party from disclosure); *In re Copper Mkt. Antitrust Litig.*, 200 F.R.D. 213, 220 (S.D.N.Y. 2001) ("Once it is established that a document was prepared in anticipation of litigation, work-product immunity protects 'documents prepared by or for a

3

representative of a party, including his or her agent.'"); *United States v. Mobil Corp.*, 149 F.R.D. 533, 537-38 (N.D. Tex. 1993) (work product created during the course of an investigation is protected from discovery).  Waiver of work product immunity will only occur if the disclosure "substantially increases the opportunity for potential adversaries to obtain the information." *In re Copper Mkt.*, 200 F.R.D. at 221.  No such waiver can be found to exist here.  As such, the work product doctrine operates to protect all work product in the possession of Morrison & Foerster and Plaintiffs' subpoena should be quashed or modified to the extent it seeks such documents.

### III. CONCLUSION

For the foregoing reasons, the Netopia Audit Committee respectfully requests that the Court grant its motion to quash or modify the subpoena duces tecum to Morrison & Foerster to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege.

Dated: July 27, 2007

AKIN GUMP STRAUSS HAUER & FELD LLP

By _____
Roland M. Juarez v/p 927

Attorneys for the Netopia Audit Committee

MOTION OF THE NETOPIA AUDIT COMMITTEE TO QUASH
SUBPOENA DUCES TECUM AND FOR PROTECTION

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, CA 90067. On July 27, 2007, I served the foregoing document(s) described as: **The Netopia Audit Committee's Motion To Quash Subpoena Duces Tecum and For Protection** on interested parties in this action by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelopes* as follows: *(\*Name and address of the person served as shown on the envelope.)*

Wade McClure
Gibson, McClure, Wallace & Daniels
8080 N. Central Expressway
Suite 1300, LB 50
Dallas, Texas 75206
Telephone: (214) 891-8040
Facsimile: (214) 891-8010

*Attorney for Plaintiffs*

☒ BY MAIL I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. postal service. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, CA 90067 in the ordinary course of business. The envelope was sealed and placed for collection and mailing on that date following ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or posted meter date is more than one day after date of deposit for mailing in affidavit.

Executed on July 27, 2007 at Dallas, Texas.

Roland M. Juarez                    Roland Juarez
[Print Name Of Person Executing Proof] w/p 924    [Signature] w/p 924

6118772

MOTION OF THE NETOPIA AUDIT COMMITTEE TO QUASH
SUBPOENA DUCES TECUM AND FOR PROTECTION

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

PETER FRANKL AND JOHN DECKARD

V.

NETOPIA, INC. & ALAN LEFKOF

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   3:05-CV-1757-B ECF

**NORTHERN DISTRICT OF TEXAS**
**Dallas Division**

TO:  Craig Martin
     Morrison and Foerster
     425 Market Street
     San Francisco, CA 94105

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Morrison and Foerster, 425 Market Street, San Francisco, CA 94105 | DATE AND TIME 7/25/2007 9:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

ANY AND ALL RECORDS AS REQUESTED IN THE ATTACHED EXHIBIT "A".

| PLACE   Morrison and Foerster, 425 Market Street, San Francisco, CA 94105 | DATE AND TIME 6/4/2007 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Wade McClure_, Its attorney | 5-9-07 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |

WADE L. MCCLURE, 8080 N. CENTRAL EXPRESSWAY, SUITE 1300, DALLAS, TEXAS 75206 (214) 891-8040

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT**

**A**

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# **EXHIBIT A**

1.  All documents, electronically stored information ("ESI"), and materials collected, reviewed, and/or created by Morrison & Foerster, LLP in connection with its investigation for and on behalf of Netopia and/or the Netopia Audit Committee in 2004, including without limitation, notes from interviews, e-mails, and other documentation collected from Netopia employees and representatives; intra-Morrison & Foerster emails, memos, and ESI; and any other documents and ESI obtained from third parties, including but not limited to ICC, KPMG or the SEC. ESI should be produced in a reasonably usable format for Microsoft Windows systems.

2.  All original metadata regarding creation, access, storage, modification/alteration, and sharing for the ESI requested above.

▸   The Plaintiffs herein have entered into a confidentiality and protective order and will agree that any and all documents and ESI that you produce in connection with this subpoena, designated "Confidential," shall be subject to the terms of that confidentiality and protective order.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| PETER FRANKL and<br>JOHN DECKARD, | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| v. | §<br>§ | Case No. 3:05-CV-1757-B<br>ECF |
| NETOPIA, INC., et al., | §<br>§ | |
| Defendants. | §<br>§ | |

### DECLARATION OF CRAIG MARTIN

I, CRAIG MARTIN, declare as follows:

1.      I am over the age of twenty-one (21) years, have never been convicted of a felony, am competent to make this declaration, and have personal knowledge of the facts stated herein.

2.      I graduated from Stanford University Law School in 1993 and am duly licensed to practice law in the State of California. I am a partner in the securities litigation and white-collar defense practice group at the law firm of Morrison & Foerster LLP.

3.      On or around July 19, 2004, the Audit Committee of Netopia, Inc. retained Morrison & Foerster to provide legal guidance in the face of potential claims. Morrison & Foerster was engaged by the Audit Committee to assist and advise the Audit Committee in its investigation of, among other things, revenue recognized in two computer software transactions with one of Netopia's customers, Interface Computer Company.

4.      Pursuant to this engagement, Morrison & Foerster, on behalf of the Audit Committee, collected and reviewed documents and conducted witness interviews from approximately July 2004 through September 2004. To assist in the investigation, Morrison & Foerster also engaged Walter Rush, a forensic accountant, to act as its accounting advisor. Morrison & Foerster lawyers exercised their judgment and analytical skills in selecting and distilling the large volume of information under review for purposes of providing legal advice to the Audit Committee.

5.      During the course of the investigation, Morrison & Foerster attorneys kept members of the Audit Committee apprised of the facts and documents collected, and shared with the Audit Committee Morrison & Foerster's analysis and legal advice. At the conclusion of the investigation, Morison & Foerster presented a summary of relevant facts and documents collected during the course of the Audit Committee's investigation, and provided the Audit Committee with further legal advice and analysis.



EXHIBIT

B

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the facts stated in this Declaration are based on my personal knowledge and are true and correct, and this Declaration was executed this 27th day of July, 2007 in San Francisco, California.

Craig Martin

#6118589

# GIBSON, McCLURE, WALLACE & DANIELS
### A REGISTERED LIMITED LIABILITY PARTNERSHIP
## ATTORNEYS AND COUNSELORS

WADE L. McCLURE
BOARD CERTIFIED: CIVIL TRIAL LAW
AND PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL NO.: (214) 891-8002

8080 N. CENTRAL EXPRESSWAY
SUITE 1300, LB 50
DALLAS, TEXAS 75206-1808
TELEPHONE: (214) 891-8040
FACSIMILE: (214) 891-8010

June 7, 2007

**Via U.S. Mail and**
**Facsimile: 415-268-7522**

Douglas L. Hendricks
Morrison Foerster
425 Market Street
San Francisco, CA 94105-2482

     **Re:** ***Frankl, et al v. Netopia, Inc., et al, U.S. District***
            ***Court, Northern District of California, Case No. 3:05-DV-***
            ***1757-B***

Dear Mr. Hendricks:

     Pursuant to my recent conversation with Stephanie Osteen, this letter confirms that I have agreed to extend Craig Martin and Morrison Foerster's time to respond and object to our third-party subpoena until July 27, 2007.

     This extension is subject to the granting of the parties' motion to extend the discovery deadline to September 30, 2007. Should the Court deny this motion, the extension will be reduced to two weeks from the date that you receive notice of the Court's denial of the motion.

                    Sincerely yours,

                    Wade L. McClure

WLM/lm
cc: Stephanie Osteen

**EXHIBIT**
C

**AKIN GUMP STRAUSS HAUER & FELD LLP**
ROLAND M. JUAREZ (SBN 160793)
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone:       310-229-1000
Facsimile:       310-229-1001
Email:           rjuarez@akingump.com

Attorneys for The Netopia Audit Committee

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER FRANKL AND JOHN DECKARD,<br><br>               Plaintiffs,<br><br>    v.<br><br>NETOPIA, INC. AND ALAN LEFKOF,<br><br>              Defendants. | Case No. 3:05-CV-1757-B ECF<br><br>**(PENDING IN THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS)**<br><br>PROPOSED ORDER |

THE COURT, having considered the Netopia Audit Committee's Motion to Quash or Modify Subpoena Duces Tecum and the arguments of counsel, hereby GRANTS the Motion and ORDERS the subpoena duces tecum quashed.

Signed this _____ day of _____, 2007.


_____
PRESIDING JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PETER FRANKL and JOHN DECKARD** | ) | |
| | ) | |
| **v.** | ) | **3-05-CV-1757-B** |
| | ) | |
| **NETOPIA, INC. and ALAN LEFKOF** | ) | |

**O R D E R**

Pursuant to the District Court's order of reference came on to be heard Plaintiff's motion to compel filed on June 28, 2007, and the court finds and orders as follows:

At issue are Defendants' responses to Plaintiffs' Rule 34 requests. Although Defendants' responses initially identified multiple grounds for their objections to specific requests for production (*See* Exhibit G to Plaintiffs' motion), they ultimately produced approximately 8500 pages of documents, but made clear that certain documents within the purview of Plaintiffs' requests were being withheld based on claims that they were protected from disclosure by virtue of attorney-client privilege and the attorney work product doctrine. Defendants have submitted to Plaintiffs' counsel a privilege log. Exhibit H to Plaintiffs' motion.

In response to Plaintiffs' motion to compel, Defendants represent that only 53 documents[1] in their possession or control - those identified in their privilege log - have not been produced or made available for inspection by Plaintiffs. Therefore, the sole remaining issue is whether the withheld documents are protected from disclosure as being privileged. To this end Defendants have produced copies of the withheld documents for *in camera* inspection by the court. *(See* Exhibit N to Defendants' response Appendix).

---

[1]As evidenced by Defendants' privilege log many of the documents consist of multiple pages.

**EXHIBIT**
**C**

With the exception of David Kadish's e-mail sent on April 22, 2004 at 9:50 a.m., none of the contents of Documents 1 though 8, 21; 24, 25, 27, 34, 35, 36, 37, 38, 39,41, 42, 43, 44, 45, 46, 48 and 49 is protected by attorney client privilege.

Whether any protection is due to the remainder of the documents on Defendants' privilege log is less readily determinable.  As Defendants point out David Kadish's role as general counsel for Netopia required him to function as both a lawyer and a business person.  Because the attorney-client privilege protects only communications which seek or provide legal advice, a corporate entity operates at its peril when its general counsel is assigned business functions as well as functions which relate to providing legal advice.

*In camera* inspection of the remaining withheld documents, i.e. Documents 22, 23, 26, 28 through 33, 40, 47 and 50 suggest a blurring of functions in several instances, where it appears that Mr. Kadish is acting more in his capacity of vice president of Netopia in assembling and disseminating information with respect to the company's business dealings with Interface Computer Co. and in drafting news releases for media that in discharging attorney-client functions.

However, I find that the attorney-client privilege has been waived with respect to communications between Netopia and David Kadish.  The materials before the court show that Netopia was the subject of investigation by two federal agencies, the Securities and Exchange Commission (SEC) and OSHA.

Kadish appeared on three dates for deposition at the instance of the SEC (Exhibit N at 51, 52 and 53).  As the transcript of the November 30, 2004, session makes clear, his appearance was obtained by subpoena.  As stated in his affidavit, Kadish relates that in the course of his deposition he was questioned about legal advice which he gave to Netopia (Exhibit I at ¶ 17).

Netopia contends that in so testifying the attorney-client privilege was not waived, noting that the initial session was preceded by a letter from Netopia's counsel, Morris & Foerster, LLP, noting that in producing <u>documents</u> it did not intend to waive the protection of the attorney work product doctrine or the attorney-client privilege (Exhibit K, Attachment A). However, no mention is made with respect to any deposition testimony in the context of the SEC's investigation.

The mere fact that Kadish appeared pursuant to subpoena does not warrant the conclusion that his testimony was compelled. *E.g. see Nguyen v. Excel Corp.*, 197 F.3d 200, 206 and n. 12 (5th Cir. 1999). ("A client waives the attorney-client privilege ... by failing to assert it when confidential information is sought in legal proceedings.") Moreover, the court rejects the "selective waiver" doctrine set out in *Diversified Industries Inc. v. Meredith*, 572 F.2d 596, 611 (8th Cir. 1977), and follows the majority of courts which do not apply it. *See S.E.C. v. Brady*, 238 F.R.D. 429, 440 (N.D. Tex. 2006) (collecting cases).

Defendants' privilege log also contains handwritten notes of Mr. Kadish (Exhibit N at 26) which he made concerning Netopia's dealings with ICC on the Philadelphia transaction when payment on the sale had not been received. As such, these documents constitute attorney work product and under the circumstances presented ordinarily would not be discoverable. *E.g. see Ferko v. National Association for Stock Car Auto Racing*, 218 F.R.D. 125, 135-136 (E.D. Tex. 2003). It should be remembered that the doctrine protects against disclosure of documents, not facts. Also it is likely that an attorney's handwritten notes include his mental impressions and legal theories. Therefore, Defendant's objection to producing Item 26 on its privilege log will be conditionally

sustained.[2]

IT IS, THEREFORE, ORDERED that Plaintiffs' motion to compel is granted and Defendant will produce the documents listed on its privilege log with the exception of Item 16, unless Mr. Kadish's handwritten notes were previously produced to the Securities and Exchange Commission.

A copy of this order shall be transmitted to counsel for the parties.

SIGNED this 17th day of September, 2007.

_Wm. F. Sanderson, Jr._

_____
UNITED STATES MAGISTRATE JUDGE

---

[2]If Mr. Kadish provided a copy of Item 26 to the S.E.C., then such a fact would waive the work product protection. However, the court has not red his 165 page deposition to see if such occurred.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PETER FRANKL and                    §
JOHN DECKARD,                       §
                                    §
        Plaintiffs,                 §
                                    §          Case No. 3:05-CV-1757-B
v.                                  §                  ECF
                                    §
NETOPIA, INC., et al.,              §
                                    §
        Defendants.                 §

## DECLARATION OF HOWARD SLAYEN

I, HOWARD SLAYEN, declare as follows:

1.      I am over the age of twenty-one (21) years, have never been convicted of a felony,

am competent to make this declaration, and have personal knowledge of the facts stated herein.

2.      I have been a member of the board of directors of Netopia, Inc. ("Netopia") and

the board's audit committee (the "Audit Committee") since approximately April 2003. The only

other members of the Audit Committee between July and September 2004 were Defendants

Robert Lee and Harold Wills.

3.      I am, and for the last twenty-four years have been, a resident of California. I live

and work in Atherton, California. My current residence is 2 Altree Ct., Atherton, California

94027-2224.

4.      Since moving to California in September 1982, I have not owned any property in

Texas, maintained a bank account in Texas, owned any assets or investments in Texas, or

maintained a home in Texas. I have no personal contacts with Texas and have not conducted any

personal business in Texas since September 1982. To the extent I have made occasional visits to

Texas during this time, they were to conduct business for Coopers & Lybrand, now

1



EXHIBIT
D

PricewaterhouseCoopers, in my capacity as a partner in that firm. I have never been in Texas in connection with my service on the board of directors of Netopia.

5.      Plaintiffs Peter Frankl and John Deckard are former employees of Netopia. Both were terminated from Netopia in September 2004 following an investigation conducted by attorneys from the San Francisco office of the Morrison & Foerster law firm, acting as outside counsel for the Audit Committee (the "Audit Committee Investigation").

6.      The Audit Committee Investigation began in or around July 2004 after Netopia learned it had received improper documentation concerning a software sales transaction. As part of the Audit Committee Investigation, the Morrison & Foerster lawyers went to Netopia's Texas office to interview certain employees, including Plaintiffs. After the interviews were completed, the Morrison & Foerster lawyers reported their findings to the Audit Committee, including myself. Among other things, these lawyers informed the Audit Committee that, during their interviews, Plaintiffs had provided facts and documents showing they had engaged in intentional wrongdoing in connection with certain software transactions they had negotiated, including altering documents and concealing material information from Netopia's accounting department.

7.      On or around September 14, 2004, I participated telephonically in a meeting of Netopia's board of directors in Emeryville, California. During the meeting, the Audit Committee discussed the results of the Audit Committee Investigation, including outside counsels' interviews with Plaintiffs.

8.      Based on the information reported by outside counsel concerning Plaintiffs' misconduct, I and the other members of the Audit Committee recommended to the board during the meeting that Plaintiffs' employment be terminated.  Following our report and recommendation, the board of directors, including myself, voted unanimously to terminate

2

34

Plaintiffs' employment. The board then instructed the Company's President and Chief Executive

Officer, Alan Lefkof, to carry out the terminations.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed this 15ᵗʰ day of December, 2006 in Atherton , California.


_Howard Slayen_

Howard Slayen